# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.   17-cv-2211 |
| v. | ) |
| | ) |
| TOWNE PUB, INC. d/b/a TOWNE PUB, | ) |
| a/k/a Club Maxey, a/k/a Jabroni's; | ) |
| JORDAN MAXEY; | ) |
| SABRINA WILDER; | ) |
| EVANELLE JEFFO, Administrator of the | ) |
| Estate of Mishari Halbrook, Deceased; and | ) |
| Sheri Savage, mother and next friend of | ) |
| Mishari Halbrook, Jr., a minor | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, MAXUM INDEMNITY COMPANY (hereinafter "MAXUM"), by and through its attorneys, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.  Plaintiff MAXUM is an insurance company that issued a policy of commercial general liability insurance to Towne Pub d/b/a Towne Pub, Inc. ("Towne Pub").

2.  Plaintiff brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

3.  Plaintiff seeks a declaration that it does not owe a duty to defend or indemnify Towne Pub or Jordan Maxey with regard to the lawsuit styled *Sabrina Wilder v. Towne Pub, Inc., et al.* filed by Defendant, Sabrina Wilder ("Wilder") under Case No. 2016 L 0056, in the

Circuit Court of Macon County, Illinois (the "*Wilder* Lawsuit"). A copy of the operative Complaint at Law in the *Wilder* Lawsuit (the "*Wilder* Complaint") is attached hereto as **Exhibit A** and is incorporated herein by reference.

4. Plaintiff further seeks a declaration that it does not owe a duty to defend or indemnify Towne Pub or Jordan Maxey with regard to the lawsuit styled *Evanelle Jeffro, Administrator of Estate of Mishari Halbrook, Deceased, et al. v. Towne Pub, Inc., et al.*, filed by Defendant, Evanelle Jeffro ("Jeffro") under Case No. 2016 L 0058, in the Circuit Court of Macon County, Illinois (the *Jeffro* Lawsuit"). A copy of the operative First Amended Complaint in the *Jeffro* Lawsuit (the "*Jeffro* Complaint") is attached hereto as **Exhibit B** and is incorporated herein by reference.

5. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the policies of insurance issued by MAXUM to Towne Pub. Plaintiff contends that there is no obligation to defend or indemnify Towne Pub or Jordan Maxey in connection with the claims asserted in the *Wilder* Lawsuit based on the terms of the relevant policies and applicable law. Similarly, Plaintiff contends there is no obligation to defend or indemnify Towne Pub or Jordan Maxey in connection with the claims asserted in the *Jeffro* Lawsuit based on the terms of the relevant policies and applicable law.

6. Plaintiff has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the MAXUM Policy. A judicial declaration is appropriate at this time so that Plaintiff may ascertain its rights and duties with respect to defense and indemnity under the MAXUM Policy for the *Wilder* Lawsuit and the *Jeffro* Lawsuit.

## JURISDICTION

7. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

## VENUE

8. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a), in that Towne Pub has offices and/or does business in this district, Wilder resides in this district on information and belief, and a substantial part of the events giving rise to the underlying claim occurred in this district.

## THE PARTIES

9. Plaintiff MAXUM is a Connecticut company engaged in the insurance business with its principal place of business in Alpharetta, Georgia.

10. On information and belief, Towne Pub is a dissolved corporation with its principal place of business in Decatur, Illinois. Towne Pub may be served with process by serving its Registered Agent for Service, Jordan T. Maxey, at 1816 N. Water St., Decatur, Illinois, 62521.

11. On information and belief, Jordan Maxey is an Illinois resident and citizen.

12. On information and belief, Wilder is an Illinois resident and citizen residing in Macon County, Illinois. Wilder is joined as a defendant herein as she may be a necessary party and so that she may be bound by the judgment entered in this case. If Wilder agrees to be bound by a judgment entered in this action, Plaintiff will dismiss Wilder from this lawsuit.

13. On information and belief, Jeffro, who is Administrator of the Estate of Mishari Halbrook, Deceased, is an Illinois resident and citizen. Jeffro, in her capacity as Administrator of

the Estate of Mishari Halbrook, is joined as a defendant herein as she may be a necessary party and so that she may be bound by the judgment entered in this case. If Jeffro agrees to be bound by a judgment entered in this action Plaintiff will dismiss Jeffro from this lawsuit.

14. On information and belief, Seri Savage, mother and next friend of Mishari Halbrook, Jr., is an Illinois resident and citizen. Savage is joined as a defendant herein as she may be a necessary party and so that she may be bound by the judgment entered in this case. If Savage agrees to be bound by a judgment entered in this action Plaintiff will dismiss Savage from this lawsuit.

### **THE *WILDER* LAWSUIT**

15. This matter involves a personal injury allegedly sustained by Wilder while Wilder was a patron at a bar allegedly owned and operated by Towne Pub, Inc. d/b/a Club Maxey and Jordan Maxey in Decatur, Illinois ("Club Maxey").

16. On May 18, 2016, Wilder filed a Complaint styled *Sabrina Wilder v. Towne Pub, Inc.,et al.* in the Circuit Court for the Sixth Judicial Circuit, Mason County, Illinois, under case number 16-L-56 (the "*Wilder* Lawsuit"). Wilder filed a second amended complaint on May 25, 2017, which on information and belief, is the operative pleading in the *Wilder* Lawsuit (the "*Wilder* Complaint"). See, **Exhibit A**.

17. In the *Wilder* Lawsuit, Wilder alleges that Towne Pub operated a tavern, night club and/or bar located at 1816 North Water Street, Decatur, Illinois, doing business as "Club Maxey," and/or "Jabronis," and/or "Towne Pub" (hereinafter, "Club Maxey").

18. Wilder alleges that Towne Pub and Jordan Maxey owned, leased, possessed, maintained, and/or controlled the premises.

4

19.     According to the *Wilder* Complaint, Wilder entered Club Maxey on May 24, 2015. An intoxicated patron of Club Maxey allegedly fired a gun and shot Wilder in the arm.

20.     Count I of the *Wilder* Lawsuit alleges violations of 235 ILCS 5/6-21, the Dram Shop Act, against Towne Pub. According to the *Wilder* Complaint, Towne Pub sold or gave intoxicating liquor to the individual who shot Wilder with a gun.

21.     According to the *Wilder* Complaint, consumption of liquor allegedly caused intoxication of the individual who shot Wilder with a gun. As a result, plaintiff alleges she suffered severe and permanent injuries.

22.     Count II of the *Wilder* Lawsuit alleges violations of 235 ILCS 5/6-21, the Dram Shop Act, against Jordan Maxey. According to the *Wilder* Complaint, on May 25, 2015, Maxey was holding a concert at Club Maxey.

23.     Wilder alleges that Maxey had actual or constructive knowledge that Club Maxey was to be used for the unlawful consumption of alcoholic liquors by persons under the age of 21 years. According to the *Wilder* Complaint, an individual under the age of 21 was allowed into Club Maxey, who unlawfully consumed liquors, causing intoxication. Wilder alleges that the intoxicated underage individual shot Wilder, causing injury.

24.     Count III of the *Wilder* Lawsuit asserts an additional count alleging violations of 235 ILCS 5/6-21, the Dram Shop Act, against Jordan Maxey. According to the *Wilder* Complaint, Maxey sold or gave intoxicating liquor, causing intoxication, to the individual who shot Wilder.

25.     According to the *Wilder* Lawsuit, consumption of liquor allegedly caused intoxication of the individual who shot the plaintiff Wilder with a gun. As a result, Plaintiff alleges she suffered severe and permanent injuries.

26. Count IV of the *Wilder* Lawsuit asserts an additional count alleging violations of 235 ILCS 5/6-21, the Dram Shop Act, against Towne Pub. According to the *Wilder* Complaint, on May 25, 2015, Towne Pub d/b/a Club Maxey was holding a concert at Club Maxey.

27. Wilder alleges that Towne Pub, through its agents, had actual or constructive knowledge that Club Maxey was to be used for the unlawful consumption of alcoholic liquors by persons under the age of 21 years. According to the *Wilder* Complaint, an individual under the age of 21 was allowed into Club Maxey, who unlawfully consumed liquors, causing intoxication. Wilder alleges that the intoxicated underage individual shot Wilder, causing injury.

28. Count V of the *Wilder* Lawsuit asserts a cause of action for negligence against Towne Pub. According to the *Wilder* Complaint, Wilder was a customer at Club Maxey on May 25, 2015. Jevon Barber, an 18 year old male, was allegedly allowed admittance into Club Maxey.

29. According to the *Wilder* Complaint, Towne Pub served Barber and another patron, Mishari Halbrook Jr., alcoholic beverages, causing them to become intoxicated. They allegedly began to yell at one another, at which point Barber and Halbrook, and the groups of people they were with, were led outside. A physical altercation allegedly ensued outside of Club Maxey. Nevertheless, Wilder alleges that Barber and Halbrook were allowed back inside.

30. The *Wilder* Lawsuit alleges that Jevon Barber pointed a gun in the vicinity of Mishari Halbrook, Jr., and/or his group of people, and shot Wilder, who was struck by a bullet.

31. Wilder further alleges that Towne Pub hired security guards to provide security for the premises, who were the agents or employees of Towne Pub and were acting in the scope of their relationship with the full knowledge and authority of Towne Pub.

32. According to the *Wilder* Complaint, Towne Pub was negligent in: maintaining its premises in safe operating condition; failing to maintain or adhere to security policies, creating a

dangerous climate for criminal activity; permitting Barber and Halbrook, Jr. admittance into Club Maxey; failing to contact authorities after a physical altercation began; failing to warn patrons of dangerous conditions; hiring security guards who were not properly trained; allowing an individual to be upon the premises with a weapon. As a result, Wilder alleges she suffered a gunshot wound, causing injury.

33. Count VI alleges assault against Jevon Barber. According to the *Wilder* Complaint, Barber attempted to inflict corporal injury upon Wilder. Further, Barber was allegedly endowed with an apparent present ability to do so, which caused Wilder to be reasonably apprehensive of receiving an imminent battery.

34. Wilder further alleges as a result of the intentional acts of Barber, Wilder was assaulted.

35. Count VII alleges battery against Jevon Barber. According to the *Wilder* Complaint, Barber shot Wilder, causing a bullet to enter her body.

36. The *Wilder* Complaint further alleges that Barber willfully, intentionally and/or affirmatively shot a bullet out of a gun towards Wilder, acting with conscious disregard for her safety.

37. As a result, Wilder alleges that Barber made an unpermitted contact without Wilder's consent, causing injury.

38. Counts VIII through XII are directed towards respondents in discovery Deja Trimble a/k/a Dej Loaf, Tears of Joy Management, Inc., Sony Music Entertainment, Inc., Sony Music Holdings, Inc., and C.O.D. Promotions, Inc., and are not relevant to this Complaint for Declaratory Judgment.

**THE *JEFFRO* LAWSUIT**

39. On May 19, 2016, Evanelle Jeffro, Administrator of the Estate of Mishari Halbrook, deceased, and Sheri Savage, mother and next friend of Mishari Halbrook, Jr., filed a Complaint styled *Evanelle Jeffro, Administrator of Estate of Mishari Halbrook, Deceased, et al. v. Towne Pub, Inc. d/b/a Towne Pub, et al.* in the Circuit Court for the Sixth Judicial Circuit, Mason County, Illinois, under case number 16-L-58 (the "*Jeffro* Lawsuit"). Jeffro filed a second amended complaint on May 5, 2017, which on information and belief, is the operative pleading in the *Jeffro* Lawsuit (the "*Jeffro* Complaint"). See, **Exhibit B**.

40. Count I of the *Jeffro* Lawsuit alleges violations of the Dram Shop Action against Towne Pub and Maxey for personal injury to Mishari Halbrook under the Survivor Act.

41. According to the *Jeffro* Complaint, Towne Pub owned, operated, and maintained a tavern or dram shop called either Towne Pub, Club Maxey, or Jabroni's, at 1816 N. Water Street in Decatur Illinois ("Club Maxey")

42. Alternatively, the *Jeffro* Complaint alleges that Maxey was the owner, operator or maintained Club Maxey.

43. Further, Towne Pub and/or Maxey, by their agents and employees, hosted an event at which they sold and/or gave alcoholic liquors to Jevon Barber, which allegedly caused Barber to become intoxicated. Barber was allegedly 18 years of age.

44. According to the *Jeffro* Complaint, Barber shot Mishari Halbrook as a result of his intoxication. Mishari allegedly died as a result of his gunshot wounds.

45. Jeffro alleges that as a result of Barber's intoxication, caused by beverages given or sold to him by Towne Pub and Maxey, Mishari suffered injuries until he died. Jeffro seeks personal injury damages under the Illinois Dram Shop Act.

8

46. In Count II, Jeffro asserts a cause of action for loss of means of support pursuant to the Dram Shop Act against Towne Pub and Maxey.

47. The *Jeffro* Complaint alleges that as a result of his father's death, Mishari Halbrook, Jr. has suffered substantial loss of his means of support.

48. As a result of Barber's intoxication, allegedly caused by alcoholic beverages given or sold to him by Towne Pub and Maxey, Mishari was shot and killed. Plaintiff alleges that as a result of Towne Pub and Maxey's violation of the Act, Mishari Halbrook, Jr. has suffered loss of means of support.

49. Count III alleges a Dram Shop Action against Towne Pub and Maxey for property damage arising from the death of Mishari Halbrook. Plaintiff seeks to recoup medical, funeral and burial expenses incurred as a result of the gunshot wounds he sustained, as property damage under the Dram Shop Act.

50. Counts IV, V, and VI assert causes of action pursuant to the Dram Shop Act against defendants Anthony Fratini and Timothy Vieweg, who were allegedly owners and lessors of the property at 1815 N. Water St., Decatur, Illinois.

51. Count VII asserts a cause of action for negligence against Towne Pub and Maxey.

52. According to the *Jeffro* Complaint, Towne Pub and Maxey knew that concerts held at Club Maxey attracted patrons who were prone to violence and sometimes armed with weapons.

53. The *Jeffro* Lawsuit alleges that Towne Pub and Maxey were under a duty to exercise care to attempt to prevent criminal assaults upon its patrons when it had notice that such assaults were foreseeable.

54. Jeffro further alleges that on May 24, 2015 or May 25, 2015, there was an argument between Mishari Halbrook and Jevon Barber in which threats of death or severe bodily harm were made against Halbrook by Barber. Towne Pub and Maxey were allegedly aware of this argument.

55. The *Jeffro* Complaint that Towne Pub and Maxey were negligent in that they: failed to have adequate security for patrons entering the club; failed to check patrons for weapons; failed to timely call police when it was aware of death threats or threats of severe bodily harm were made against Halbrook; allowing Barber to have a gun in the club; allowing Barber to be onstage at the club with a gun; failed to remove Barber from the club when defendants knew he was likely to commit violence; failed to adequately supervise Barber and others it allowed onstage at the club; and failed to warn Halbrook of danger.

56. As a result of Towne Pub and Maxey's negligence, Halbrook was allegedly shot by a firearm and died.

57. Count VIII asserts a cause of action for negligence against Towne Pub and Maxey pursuant to the Wrongful Death Act for Halbrook's death.

58. According to the *Jeffro* Complaint, as a result of the wrongful death of Mishari Halbrook, his son, Mishari Halbrook, Jr., sustained loss, including but not limited to loss of love, society, and companionship of his father, and seeks reimbursement of funeral expenses incurred because of the death of Halbrook.

59. Counts IX, X, XI, and XII assert causes of action for negligence against Deja Trimble and Sony Music Entertainment, Inc., which are not relevant to this Complaint for Declaratory Judgment.

60.     Finally, Count III asserts a cause of action for assault and battery against Jevon Barber. According to the *Jeffro* Complaint, Barber committed an assault and battery upon Mishari Halbrook by shooting him with a firearm.

61.     As a result of Barber's alleged assault and battery, plaintiff alleges that Barber killed Halbrook.

## BARBER'S CRIMINAL CONVICTION

62.     Jevon Barber was charged with Murder with intent to kill or injure in connection with the shooting incident at issue in the *Wilder* Lawsuit and the *Jeffro* Lawsuit. **Exhibit C**.

63.     On May 30, 2017, Barber pled guilty to Second Degree murder and was sentenced to 20 years. See, **Exhibit C**.

## THE MAXUM POLICY

64.     MAXUM issued Policy Number BDG 3008125-01, with effective dates of October 24, 2014 to October 24, 2015, to Named Insured "Towne Pub DBA Towne Pub, Inc." (the "MAXUM Policy").  A copy of the MAXUM Policy is attached hereto as **Exhibit D**.

## COUNT I: DECLARATORY JUDGMENT v. ALL DEFENDANTS: COVERAGE FOR THE *WILDER* LAWSUIT IS PRECLUDED BY THE ASSAULT AND BATTERY EXCLUSION[1]

65.     Plaintiff incorporates paragraphs 1 through 64, as if fully set forth herein.

66.     Plaintiff seeks a declaration that the MAXUM Policy does not afford coverage to Towne Pub or Maxey for the claims asserted in the *Wilder* Lawsuit because the Assault and Battery Exclusion contained in the MAXUM Policy precludes coverage.

---

[1] MAXUM also maintains other defenses to coverage not addressed in this declaratory judgment action, and which were addressed In MAXUM's denial letter to Towne Pub and Maxey. By not citing those coverage defenses herein, MAXUM does not intend to waive its right to rely on those provisions.

11

67. The MAXUM Policy is amended by an "Assault And/Or Battery Exclusion" endorsement as follows:

> This insurance does not apply to any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" resulting from, or caused in whole or in part by, assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of any insured, his employees, patrons or any other persons.
>
> Further, no coverage or duty to defend is provided if the underlying operative facts constitute an assault and/or battery irrespective of whether the claim alleges failure to provide adequate security in any way and/or negligent hiring, supervision and/or retention and/or any other negligent act by any insured.

See, **Exhibit D**.

68. The *Wilder* Lawsuit alleges that:

> [A]n intoxicated patron of Defendant [Towne Pub and Maxey] fired a gun, which caused the bullet to fire out of the gun and shoot the Plaintiff, SABRINA WILDER, in the arm. *See,* **Exhibit A**, ¶6, "Facts Common To All Counts."[2]
>
> * * *
>
> [A]fter becoming an intoxicated person as aforesaid and as a result of his intoxication, the said individual shot the Plaintiff . . . *See, Id.*, ¶10, Count I.
>
> * * *
>
> [T]he intoxicated underage individual shot Plaintiff . . . and caused Plaintiff to become injured. *See, Id.*, ¶¶18, Counts II and IV.
>
> * * *
>
> [T]he said intoxicated individual shot the Plaintiff, SABRINA WILDER with a gun. *See, Id.*, ¶12, Count III.
>
> * * *

---

[2] The *Wilder* Complaint contains several allegations numbered as paragraph 6, contained in separate counts. For sake of clarity, this Complaint refers to the particular count in which the referenced allegation is contained.

Jevon Barber pointed a gun in the vicinity of Mishari Halbrook Jr. [*sic*] and/or his group of people and shot the Plaintiff, SABRINA WILDER. *See, Id.*, ¶17, Count V.

\* \* \*

69. Moreover, the *Wilder* Lawsuit contains separate counts for assault and battery against Barber which explicitly allege that Barber assaulted and battered Wilder when he shot her with a gun. *Id.*

70. Barber pled guilty to second degree murder on May 30, 2017. See, **Exhibit C**.

71. Accordingly, the Assault And/Or Battery Exclusion contained in the MAXUM Policy precludes coverage for the *Wilder* Lawsuit, and MAXUM owes no duty to defend or indemnify Towne Pub or Maxey in the *Wilder* Lawsuit.

WHEREFORE, Plaintiff seeks a judgment: (a) declaring the rights and obligations under the MAXUM Policy; (b) declaring that MAXUM has no obligation to defend or indemnify Towne Pub, Inc. with respect to the *Wilder* Lawsuit under the MAXUM Policy; (c) declaring that MAXUM has no obligation to defend or indemnify Jordan Maxey with respect to the *Wilder* Lawsuit under the MAXUM Policy; (d) providing such other and further relief as this Court may deem just and equitable.

## COUNT II
## DECLARATORY JUDGMENT v. ALL DEFENDANTS:
## COVERAGE FOR THE *JEFFRO* LAWSUIT IS PRECLUDED
## BY THE ASSAULT AND BATTERY EXCLUSION

72. Plaintiffs incorporate paragraphs 1 through 71 as if fully set forth herein.

73. Plaintiff seeks a declaration that the MAXUM Policy does not afford coverage to Towne Pub or Maxey for the claims asserted in the *Jeffro* Lawsuit because the Assault and Battery Exclusion contained in the MAXUM Policy precludes coverage.

74. The MAXUM Policy includes an Assault And/Or Battery Exclusion, as described more fully above at paragraph 67.

75. The *Jeffro* Lawsuit alleges that:

Barber shot Mishari Holbrook [*sic*] . . . As a result of his gunshot wounds, Mishari died . . . See, **Exhibit B**, ¶¶10, 11.

* * *

As a proximate result of Barber's intoxication, caused in whole or in part by alcoholic beverages given or sold to him by Defendants Towne Pub and Maxey, and their respective agents and employees, Mishari was shot and killed. See, *Id.*, ¶ 20.

* * *

Barber shot Mishari with a firearm, and later died. See, *Id.*, ¶ 24.

* * *

As a proximate result of one or more of these negligent acts or omissions, Mishari was shot with a firearm, and sustained bodily injury . . . See, *Id.*, ¶ 67.

76. Moreover, Count III asserts a cause of action for assault and battery against Jevon Barber. According to the *Jeffro* Lawsuit, "Barber, without cause or provocation, committed an assault and battery upon Mishari Halbrook, namely by shooting him with a firearm." See, *Id.*, ¶ 120. Further, "Barber killed Mishari Halbrook." *Id.*, ¶ 121.

77. Barber pled guilty to second degree murder on May 30, 2017. See, **Exhibit C**.

78. Accordingly, the Assault And/Or Battery Exclusion contained in the MAXUM Policy precludes coverage for the *Jeffro* Lawsuit, and MAXUM owes no duty to defend or indemnify Towne Pub or Maxey in the *Jeffro* Lawsuit.

WHEREFORE, Plaintiff seeks a judgment: (a) declaring the rights and obligations under the MAXUM Policy; (b) declaring that MAXUM has no obligation to defend or indemnify Towne Pub, Inc. with respect to the *Jeffro* Lawsuit under the MAXUM Policy; (c) declaring that

MAXUM has no obligation to defend or indemnify Jordan Maxey with respect to the *Jeffro* Lawsuit under the MAXUM Policy; (d) providing such other and further relief as this Court may deem just and equitable.

WHEREFORE, Plaintiff seeks a judgment: (a) declaring the rights and obligations under the MAXUM Policy; (b) declaring that MAXUM has no obligation to defend or indemnify Towne Pub, Inc. with respect to the *Jeffro* Lawsuit under the MAXUM Policy; (c) declaring that MAXUM has no obligation to defend or indemnify Jordan Maxey with respect to the *Jeffro* Lawsuit under the MAXUM Policy; (d) providing such other and further relief as this Court may deem just and equitable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff MAXUM INDEMNITY COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties, together with the following relief:

a. That this Court find and declare that MAXUM INDEMNITY COMPANY has and had no duty to defend or indemnify Towne Pub or Maxey under the MAXUM Policy in connection with the lawsuit captioned, *Sabrina Wilder v. Towne Pub, Inc., et al.* filed by Defendant, Sabrina Wilder ("Wilder") under Case No. 2016 L 0056, in the Circuit Court of Macon County, Illinois;

b. That this Court find and declare that MAXUM INDEMNITY COMPANY has and had no duty to defend or indemnify Towne Pub or Maxey under the MAXUM Policy in connection with the lawsuit captioned, *Evanelle Jeffro, Administrator of Estate of Mishari Halbrook, Deceased, et al. v. Towne Pub, Inc., et al.*, filed by Defendant, Evanelle Jeffro ("Jeffro") under Case No. 2016 L 0058, in the Circuit Court of Macon County, Illinois (the *Jeffro* Lawsuit");

c. That this Court grant such other and further relief as it deems just and equitable.

## Jury Demand

Plaintiff demands the right to trial by jury on all issues so triable.

Dated: September 18, 2017

Respectfully submitted,

Traub Lieberman Straus & Shrewsberry LLP

/s/ Brian C. Bassett
One of the Attorneys for MAXUM
INDEMNITY COMPANY

Brian C. Bassett
#6285714
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60606
312-332-3900
312-332-3908 (f)